```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 ROSA E. MUNOZ,

                     Plaintiff,              MEMORANDUM AND ORDER

    -against-                                 20-CV-2496(KAM)


 COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Rosa E. Munoz ("Plaintiff") filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied disability benefits to Plaintiff.[1] After Plaintiff filed a motion for judgment on the pleadings, the Court remanded the case to the SSA, where Plaintiff subsequently was awarded $101,043 in past-due benefits. Plaintiff's counsel, Christopher James Bowes, now requests attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $25,260.75, which represents twenty-five percent of past-due benefits, reduced by fees provided by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2]  For the reasons below,

---

[1] In accordance with Federal Rule of Civil Procedure 25(d), the defendant in the underlying social security action, Commissioner Kilolo Kijakazi, has been automatically substituted for the prior Acting Commissioner, Andrew M. Saul.

[2] Bowes does not request costs, only attorney's fees.

1

the Court grants in part and denies in part Bowes's motion for attorney's fees. Plaintiff's counsel is awarded $29,385.46, from which $6,385.46 in EAJA fees are to be returned to Plaintiff.

## Background

After Plaintiff was denied benefits by the SSA on March 12, 2020, and denied review from the Appeals Council on April 30, 2020, Plaintiff retained Christopher James Bowes as counsel and filed the instant action on June 4, 2020. (ECF No. 31 at 2.) On September 20, 2021, this Court vacated the SSA's final decision and remanded Plaintiff's case for additional administrative proceedings. (*Id.*) On February 5, 2022, this Court awarded Plaintiff $6,385.46 in EAJA attorney's fees. (ECF No. 29.) On remand, Plaintiff appeared before ALJ Marissa Pizzuto and prevailed on her disability claim. (ECF No. 31 at 3.)

On March 13, 2023, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive $101,043 in past-due benefits, with 25 percent ($25,260.75) withheld as possible attorney's fees under § 406(b). (*Id.*) On March 27, 2023, Bowes filed a motion for attorney's fees under § 406(b), requesting a net payment of $18,875.29. (*Id.* at 10.) Along with his motion for attorney's fees, Bowes submits his contingency fee agreement with Plaintiff, demonstrating that Plaintiff had retained Bowes on a 25 percent contingency-fee basis. (*Id.* at 12.) Bowes also submits itemized time records, indicating that he spent a total of

2

29.1 hours litigating this matter before this Court.  (*Id.* at 14-15.)  Bowes's request amounts to an effective rate of $868.07 per hour (29.1 hours of work for $25,260.75).

### Legal Standard

Section 406(b) of the Social Security Act authorizes the Court to award a "reasonable fee," which may constitute up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment."  42 U.S.C. § 406(b)(1)(A).  Courts consider the following factors in determining whether the requested fee is reasonable: (a) the character of the representation and the results achieved, (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney.  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

Regarding a potential windfall, courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."  *Id.* at 854.  Specifically, courts should also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a

3

relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-855.

## Discussion

Here, Bowes seeks the full 25 percent of Plaintiff's past-due benefits, as allowed by § 406(b)(1)(A) and by the contingency fee agreement, reduced by his EAJA award, in the net amount of $18,875.29. (ECF No. 31 at 3, 12.) Regarding the reasonableness of his requested fee, the Court first considers that Bowes's briefing was effective: the Court granted Plaintiff's motion for judgment on the pleadings and remanded this action for further administrative proceedings. Plaintiff eventually received an award of past-due and future benefits on remand. Additionally, there are no allegations or indicia of fraud or overreaching with respect to the retainer agreement. The Court notes, however, that Bowes filed a motion to extend Plaintiff's time to file briefing, delaying the proceedings by 109 days. (ECF No. 15.) This delay was caused by Plaintiff's counsel not "placing [this case] on [his] docket." (*Id.*) "Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's

4

contingent fee recovery." *Fields*, 24 F.4th at 849; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 791, (2002) (noting that where ""the attorney is responsible for delay," the attorney should not be allowed to "profit from the accumulation of benefits during the pendency of the case in court"). Accordingly, the Court finds that the three-month delay — and accumulation of benefits — requires a slight downward adjustment of Bowes's requested fees.

Finally, at 29.1 hours of work, Bowes's fee request amounts to an effective hourly rate of $868.07. The Court finds that amount to be unreasonable. Specifically, the Court finds that several of the "windfall" factors outlined in *Fields* require a slight downward adjustment of Bowes's requested fees.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court finds that 29.1 hours was a reasonable amount of time to spend on this case for a lawyer with counsel's experience. When assessing the efficiency of plaintiff's counsel in *Fields*, the Second Circuit found that 25.8 hours spent reviewing an 863-page transcript, drafting a 19-page brief, and obtaining a stipulation of dismissal demonstrated efficiency. *Fields*, 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, the transcript was 711 pages (ECF. No. 20), the opening brief was 19 pages, (ECF No. 21), and Plaintiff's counsel obtained a remand. (ECF No. 24) The Court finds that

although Bowes expended more time than the plaintiff's counsel in *Fields*, Bowes's thorough opening brief likely warranted the few additional hours spent. Moreover, like the attorneys in *Fields*, Bowes is an experienced lawyer who specializes in Social Security disability cases.[3] Therefore, this factor does not justify a downward adjustment.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes that Bowes did not represent Plaintiff until the instant action. (ECF No. 31 at 2.) In *Fields*, the plaintiff's counsel represented the plaintiff through the entirety of agency proceedings, including four separate hearing and multiple agency appeals. *See Fields*, 24 F.4th at 855 (finding that the length of the relationship distinguished the case from others in which a windfall was found). Here, Bowes did not have the type of attorney-client relationship built over multiple rounds of representation before the agency and court that the Second Circuit highlighted in *Fields*. Accordingly, this factor justifies a downward adjustment.

Third, with respect to "the satisfaction of the disabled claimant," the Court finds that Bowes achieved a desirable result

---

[3] Bowes has "over twenty-five years' experience litigating Social Security cases at the administrative level and in federal court" and has served as counsel in "over 1,000 civil actions in district court challenging the final determination of the [SSA] with respect to disability and non-disability determinations." (ECF No. 31 at 7.)

6

for Plaintiff. Although there is no submission from Plaintiff supporting or opposing Bowes's request for fees, Plaintiff received a very favorable result from this action; she was awarded benefits for the entirety of her alleged disability period. (ECF No. 31 at 18-24.) Thus, this factor does not justify a downward adjustment.

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as in *Fields*, where the plaintiff's benefits had been denied a second time, after the first remand by the district court. *Fields*, 24 F.4th at 855. Here, by contrast, Plaintiff was awarded DIB benefits after a single remand, making this case less uncertain. *Id.* at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery."). While a favorable result was by no means certain in this case, the action did not require multiple rounds of representation. This consideration thus justifies a slight downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount of attorney's fees to be unreasonable, and reduces the amount to $29,385.46, which — minus the $6,385.46 in EAJA fees — results in a fee amount of $23,000 for a *de facto*

7

hourly rate of $790. Upon receiving the § 406(b) award, Bowes must remit the $6,385.46 received pursuant to the EAJA to Plaintiff. *See Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## CONCLUSION

Accordingly, the Court approves an award of fees in the amount of $29,385.46 pursuant to 42 U.S.C. § 406(b), to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past due benefits. Within five business days of receipt of the § 406(b) fees, counsel shall refund the EAJA award of $6,385.46 to Plaintiff and shall file a declaration stating such on the docket.

**SO ORDERED**

Dated:   August 17, 2023
         Brooklyn, New York

*/s/*
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

8